**KOBRE & KIM LLP**
Michael Ng (State Bar No. 237915)
Michael.Ng@kobrekim.com
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: 415-582-4800
Facsimile: 415-582-4811

Adriana Riviere-Badell (*appearance pro hac vice*)
Adriana.Riviere-Badell@kobrekim.com
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

*Attorneys for Defendants Major League Baseball; Major League Baseball Enterprises; and MLB Advanced Media, L.P.*

**ALTSHULER BERZON LLP**
Michael Rubin (SBN 80618)
mrubin@altshulerberzon.com
Hunter B. Thomson (SBN 330533)
hthomson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Jeffrey D. Perconte (*pro hac vice to be filed*)
jperconte@mlbpa.org
Major League Baseball Players Association
12 East 49th Street
New York, NY 10017
Telephone: (212) 584-6516
Facsimile: (212) 584-6616

*Attorneys for Defendant Major League Baseball Players Association*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NEIMAN NIX, an individual; and DNA SPORTS PERFORMANCE LAB, INC., a Florida corporation,

Plaintiffs,

vs.

MAJOR LEAGUE BASEBALL, et al.,

Defendants.

Case No.: 3-20-cv-00546-WHA

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE HELD IN CONTEMPT**

| | |
|---|---|
| Hearing Date: | January 14, 2021 |
| Time: | 8:00 a.m. |
| Courtroom: | Courtroom 12, 19th Floor |
| Judge: | Hon. William H. Alsup |
| Complaint Filed: | January 23, 2020 |

**NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE HELD IN CONTEMPT**

**PLEASE TAKE NOTICE THAT** on January 14, 2021, or as soon thereafter as this matter can be heard, before the Hon. William H. Alsup in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, defendants Major League Baseball ("MLB"), Major League Baseball Enterprises, and MLB Advanced Media, L.P. (collectively "the MLB Defendants") and Major League Baseball Players Association (the "union" or "MLBPA"), will and hereby do move this Court for an Order to Show Cause why Plaintiffs Neiman Nix and DNA Sports Performance Lab, Inc. (collectively, "Plaintiffs" or "Nix") should not be held in contempt for failing to comply in any respect with this Court's October 27, 2020 sanctions order, Dkt. No. 66 ("Sanctions Order").

Pursuant to the Court's inherent and statutory authority to enforce its own orders and to hold a party in civil contempt for failing to comply with a clearly applicable court order, and for the reasons further set forth in the accompanying Memorandum of Points and Authorities and supporting declarations and exhibits, Defendants seek an Order to Show Cause why Plaintiffs should not be held in civil contempt ("OSC re Contempt"), because, *inter alia*:

1. Plaintiffs and each of them failed to pay the MLB Defendants the court-ordered sanction amount of $33,407.17 and failed to pay MLBPA the court-ordered sanction amount of $104,039.08 on or before the stated deadline of November 20 at 5:00 P.M.
2. Plaintiffs, and each of them, have still not paid the MLB Defendants or MLBPA the court-ordered sanctions amount, or any other amount, and have neither sought nor obtained a stay of the Sanctions Order in whole or in part.
3. Plaintiffs have no legally valid justification for their continued non-compliance.

Accordingly, Defendants respectfully request that the Court issue an Order to Show Cause why Plaintiffs should not be held in contempt and that it impose civil contempt penalties of $500 per day for each day after the Court's contempt order Plaintiffs remain in non-compliance with the Sanctions Order, plus an additional amount equal to Defendants' reasonable attorney's fees and costs incurred in bringing this motion.

This Motion is based on the attached Memorandum of Points and Authorities, the accompanying Declarations of Michael Ng and Michael Rubin and all exhibits thereto, any reply papers that Defendants may submit, such arguments and evidence as Defendants may present at the hearing on this Motion, and all pleadings and papers on file in this matter.

DATED: December 7, 2020

KOBRE & KIM

By: /s/ *Michael Ng*
Michael Ng (State Bar No. 237915)
Michael.Ng@kobrekim.com
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: 415-582-4800
Facsimile: 415-582-4811

Adriana Riviere-Badell (*appearance pro hac vice*)
Adriana.Riviere-Badell@kobrekim.com
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

*Attorneys for Defendants Major League Baseball; Major League Baseball Enterprises; and MLB Advanced Media, L.P.*

ALTSHULER BERZON LLP

By: /s/ *Michael Rubin*
Michael Rubin (SBN 80618)
mrubin@altshulerberzon.com
Hunter B. Thomson (SBN 330533)
hthomson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Jeffrey D. Perconte (*pro hac vice to be filed*)
jperconte@mlbpa.org
Major League Baseball Players Association
12 East 49th Street
New York, NY 10017
Telephone: (212) 584-6516
Facsimile: (212) 584-6616

*Attorneys for Major League Baseball Players Association*

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction and Factual Background

On October 27, 2020, this Court issued an award of sanctions against Plaintiffs Neiman Nix and DNA Sports Performance Lab, Inc. pursuant to Fed. R. Civ. Pro. 11 and the Court's inherent authority, requiring Plaintiffs to pay $33,407.17 to the MLB Defendants and $104,039.08 to MLBPA. Dkt. No. 66. The Sanctions Order set a fixed deadline for payment, stating: "The sums are due NOVEMBER 20 AT 5:00 P.M." *Id.*

Plaintiffs did not pay those amounts or any other amounts, either by the court-ordered deadline or thereafter. *See* Declaration of Michael Rubin in Support of Motion OSC re Contempt ("Rubin Decl.") ¶ 16. Nor have Plaintiffs sought a stay or otherwise sought relief from their obligation to comply in full with the Court's Sanctions Order. Rubin Decl. ¶ 4.

On November 20, 2020, several hours before the payment deadline, Plaintiffs filed an appeal of the Sanctions Order, through their counsel of record Lance Reich, without posting a supersedeas bond to secure their payment of the sanctions award. Whether the Ninth Circuit will dismiss that appeal as frivolous and impose further sanctions is a matter for the court of appeal, not this Court. What matters for present purposes is that filing an appeal from a sanctions order plainly does not stay that order or strip the issuing court of jurisdiction to enforce through contempt the sanctioned party's non-compliance.

By this motion, the MLB Defendants and MLBPA jointly seek an order to show cause why Plaintiffs should not be held in civil contempt for their unjustified failure to comply with the Court's Sanctions Order by the stated deadline, or at any other time.

## HISTORY OF THE LITIGATION

Plaintiff Neiman Nix, along with his company and co-plaintiff DNA Sports Performance Lab, Inc. (collectively, "Nix"), is a serial harasser and vexatious litigant. This is the sixth lawsuit Nix has filed against the MLB Defendants and other related entities in as many years, and as the Court expressly found in its first sanctions order, the baseless allegations in this lawsuit were pleaded and pursued in a wrongful, bad faith effort to further Nix's "vendetta against the league and the union." Sanctions Order, Dkt. No. 53, at 4.

Defendants gave Nix every opportunity to avoid sanctions in this case. Long before this lawsuit was filed, the MLB Defendants and MLBPA warned Nix and his attorneys, repeatedly, that their threatened allegations were frivolous and that if Nix filed this baseless lawsuit the league and the union would respond by seeking sanctions. Nix filed anyway, without his attorneys having conducted the reasonable pre-litigation investigation into the applicable facts and law required by Rule 11. *See* Dkt. No. 66. As promised, first MLBPA and then the MLB Defendants responded by serving Plaintiffs with sanctions motions pursuant to Rule 11, thus giving Nix and his attorneys 21 days under the Rule 11 safe-harbor provision to withdraw Nix's meritless complaint. *See* Declaration of Michael Ng in Support of Motion OSC re Contempt ("Ng Decl.") Exhibit A. Nix ignored the motions, which Defendants subsequently filed in Court after waiting the required 21-day period. *See* Dkt. No. 42.

MLBPA's motion for sanctions came on for hearing first. Not surprisingly, the Court granted the union's motion, concluding that Nix and his attorneys had no factual or legal basis for their allegations and that they had wrongfully pursued their lawsuit in bad faith. In particular, the Court dismissed Nix's claims against MLBPA as a terminating sanction after concluding: (1) that Nix had conducted a "vendetta against the league and the union"; (2) that his "complaint lacks enough facts to even minimally allege the players union violated the Lanham Act" as it "pleads no facts to the union's knowledge or material participation" or "economic or reputational harm" or "a clear diversion of sales . . . or lost contracts" or any "potentially-false commercial advertising"; (3) that the Complaint "wholly fails to identify the union's participation in the alleged false-advertising scheme"; and (4) that it does not allege any basis for "restitution and injunctive relief [under the UCL], which requires ongoing injury" because Nix's company "never conducted business with the union" and because the union's only alleged licensing agreements with a nutritional supplement manufacturer expired in 2017. Sanctions Order, Dkt. No. 53, at 4–10.

The MLB Defendants' sanctions motion was up next. Before it could be heard, though, Plaintiffs on August 4, 2020 voluntarily dismissed all claims against all Defendants with prejudice, finally acknowledging *after seven months* of expensive, time-consuming, and burdensome litigation, that they "could not amend the Complaint in a manner to state liability . . ." Opp'n to

Further Sanctions, Dkt. No. 60, at 8.

In response to the Court's August 1, 2020 Sanctions Order, Dkt. No. 53, Defendants renewed their sanctions motions and sought additional monetary sanctions. *See* Dkt. Nos. 56 and 57. Those motions and the accompanying declarations and exhibits explained in great detail why the Court's dismissal order was not a sufficient sanction by itself, given the facts and circumstances as a whole, and why the requested amount of monetary sanctions was fair and reasonable under the circumstances. *See id*.

Plaintiffs' opposition principally contended that none of their conduct was sanctionable (even though the Court had *already* dismissed their claims against the union as a terminating sanction). *See* Dkt. No. 60. Only briefly did Plaintiffs address the requested *amount* of sanctions, stating in cursory fashion that those amounts were too high but failing to address the specific facts and evidence submitted by the MLB Defendants and MLBPA to support those requested amounts. *See* Opp'n to Further Sanctions, Dkt. No. 60, at 16–17. At no point, either in the briefing or the subsequent oral argument, did Plaintiffs or their counsel assert that the requested amounts – or any amounts – were beyond Plaintiffs' ability to pay.

On October 27, 2020, the Court imposed monetary sanctions against Plaintiffs in the amounts requested by Defendants, pursuant to Rule 11 and the Court's inherent authority, and ordered Plaintiffs jointly and severally to pay those amounts no later than November 20, 2020 at 5:00 p.m. Sanctions Order, Dkt. No. 66, at 13.

Plaintiffs did not pay, and they still have not paid.

On November 16, four days before the payment deadline, MLBPA's counsel reached out to Plaintiffs' counsel Lance Reich to provide wiring instructions in an attempt to facilitate the upcoming payment, and renewed that offer two days later. Rubin Decl. ¶ 5–6. When counsel spoke on November 18, Mr. Reich said nothing about Plaintiffs not paying, although he stated his understanding that Nix intended to appeal the sanctions order and that a different attorney would represent Nix on that appeal. *Id.* Counsel for MLBPA reminded Mr. Reich of the upcoming payment deadline, that there had been no substitution of counsel or court-approved withdrawal of counsel, and warned that MLBPA and the MLB Defendants would seek an order of contempt if the

sanctions were not timely paid. *Id.* at 7.

Two days later, several hours before the expiration of the deadline for payment, Mr. Reich filed a Notice of Appeal on behalf of Plaintiffs. No request for a stay or supersedeas bond was filed or submitted. *Id.* at ¶ 8. Shortly thereafter, MLBPA's counsel telephoned Mr. Reich to ask again whether plaintiffs would be paying the sanctions award by the 5:00 p.m. deadline. Mr. Reich stated that he did not know what his clients' intentions were, and he agreed to convey to Plaintiffs that if they failed to pay by 5:00 p.m. and did not obtain a stay or post a bond, Defendants would seek to hold them in contempt of the Court's order. *Id.* at ¶ 9.

Although Mr. Reich subsequently provided to the MLB Defendants the name and contact information for Nix's purported new appellate attorney, that attorney subsequently denied that he had been retained. The Ninth Circuit filings were signed by Mr. Reich as Plaintiffs' counsel. *Id.* at ¶¶ 10 and 14. Mr. Reich filed motions to withdraw as Plaintiffs' counsel from the Ninth Circuit and this Court on December 2 and December 3, 2020, respectively. Dkt. No. 69. The Ninth Circuit granted Mr. Reich leave to withdraw on December 4, 2020, but informed Plaintiffs that their appeal would be dismissed if replacement counsel for DNA Sports Performance Lab, Inc. were not substituted in within 30 days. Order Granting Lance D. Reich's Motion to Withdraw at 1, *DNA Sports Performance Lab, Inc. v. Major League Baseball*, No. 20-17283 (9th Cir. Dec. 4, 2020).

On Monday, November 23, 2020, three days *after* the court-ordered deadline had passed without any payment by Plaintiffs, MLBPA's attorney again spoke by telephone to Plaintiffs' counsel Lance Reich. Mr. Reich confirmed he was still counsel of record and confirmed that Plaintiffs had not sought a stay of the sanctions award or posted a supersedeas bond. Mr. Reich also stated for the first time that the reason Plaintiffs had not paid the sanctions amount was because they claimed they could not afford to pay. Rubin Decl. ¶ 17. However, he acknowledged that Plaintiffs had paid the Ninth Circuit's filing fee of $505 in full and had not sought leave to proceed *in forma pauperis* pursuant to Fed. R. App. P. 24(a). *Id.* at ¶ 18.

MLBPA informed Mr. Reich on November 23, 2020 that Defendants would be filing a motion to hold Plaintiffs in civil contempt. Rubin Decl. ¶ 18. The MLB Defendants informed Mr.

Reich, by letter dated November 25, 2020, that they would be joining in this motion to hold Plaintiffs in civil contempt. Ng Decl. Ex. B.

Plaintiffs have not paid the sanctions imposed upon them, in whole or in part. As the Court may recall from prior briefing, this is not the first time Nix has simply ignored a sanctions award imposed against him and his company. On December 3, 2019, a New York State trial court imposed sanctions of $40,554.93, against Nix, DNA Sports Performance Lab, Inc., and their attorney Michael P. Hilferty, jointly and severally, in favor of the MLB Defendants. *See* Order, *Nix, et al. v. Major League Baseball, et al.*, Case No. 159953/2016 (BJ) (N.Y. Sup. Ct. N.Y. Cnty. Dec. 3, 2019). The Court found their "frivolous" conduct was "undertaken: (1) [completely] without merit in law; (2) primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) to assert material factual statements that are false." *Nix, et al. v. Major League Baseball, et al.*, Case No. 159953/2016 (BJ), 2018 WL 6838756 at *3 (NY Sup. Ct. Dec. 31, 2018). Plaintiffs have yet to pay that amount either.

For the reasons set forth below, an award of civil contempt is essential to ensure compliance with the lawfully issued orders of this Court.

## <u>Argument</u>

### I. Plaintiffs' Filing of a Notice of Appeal Does Not Excuse Their Willful Non-Compliance with the Sanctions Order

Plaintiffs' and their attorneys' blatant violation of the Court's Sanctions Order and their frivolous notice of appeal, *see* Rubin Decl. Ex. C (Ninth Circuit Mediation Questionnaire), demonstrate outright disdain for the authority of this Court and a callous disregard of their obligation as litigants and advocates to comply with lawfully issued court orders. Plaintiffs have done *nothing* to seek relief from the Court's sanctions order. They did not seek a stay, did not post a bond, and did not plead "poverty" until three days *after* they had willfully violated the Court's order, in response to a telephone inquiry from MLBPA's attorney.

Plaintiffs are well aware – because since November 18 they have been repeatedly informed – that a notice of appeal does not stay or otherwise excuse compliance with an order of sanctions. It is well settled that "[a]bsent a stay, all orders and judgments of courts must be complied with

promptly." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal quotation marks and citation omitted). Consequently, this Court unquestionably retains jurisdiction to enforce its Sanctions Order, including through contempt. *See, e.g.*, *In re GGW Brands, LLC*, Case No. 2:13-AP-01552-SK, 2013 WL 6908889, at *14 (Bankr. C.D. Cal. Nov. 15, 2013) ("The law is clear, unless Argyle/Path Media obtained a stay pending appeal, the Court has jurisdiction to grant the relief requested in the 7070 Motion.") (collecting cases); *Wright & Miller*, 16A Fed. Prac. & Proc. Juris. § 3954 (5th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal.").

The Ninth Circuit requires a party requesting stay of a money judgment pending appeal to post a supersedeas bond or some form of substitute security "unless the equities require deviation." *Abbas v. Vertical Entm't, LLC, et al.*, No. 2:18-CV-7399 (CBM), 2020 WL 2124037, at *2 (C.D. Cal. Feb. 27, 2020) (denying without prejudice motion for stay of sanctions pursuant to Rule 11 where plaintiff had not posted bond or other security); *see also Stargaze Mgmt., LLC v. George Smith Partners, Inc.*, No. CV-15-02755-R (MLR), 2015 WL 12656917, at *1 (C.D. Cal. Nov. 6, 2015) (denying motion to stay sanctions order pending appeal where party requesting stay offered no bond or other financial assurances for eventual payment). Plaintiffs have not posted a bond. Instead, they decided to simply ignore the Court's order as if it did not exist. That contemptuous conduct strikes at the heart of our entire system of justice, because it treats judicial orders as mere suggestions that litigants can blithely ignore without penalty or recourse.

## II. Plaintiffs Must Be Held in Contempt of Court for Failing to Comply with this Court's Order

This Court has the inherent and statutory authority to enforce compliance with its orders, including orders issued pursuant to Rule 11 and its inherent authority to sanction bad faith conduct. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 831 (1994); 18 U.S.C. § 401. To establish civil contempt, the movant need only show, by clear and convincing evidence, that a court order was in effect, that the order required specified conduct by the respondent; and that the respondent failed to comply with the court's order. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999); *see Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990) (affirming lower

court's finding of contempt for counsel's failure to obey orders to pay Rule 11 sanctions). The respondent's disobedience "need not be willful," although here it plainly is. *See In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). Any inquiry into *why* a party disobeyed a court order is irrelevant to the civil contempt analysis. *Id.* ("If a person disobeys a specific and definite court order, he may properly be adjudged in contempt. . . . It does not matter what the intent of the [party] was when [it] disobeyed the court's order." (citations omitted)).

Plaintiffs are clearly in violation of the Court's Sanctions Order. The Sanctions Order was unambiguous. It required Plaintiffs to pay specific sums to specific Defendants by a specific time and date. Plaintiffs did not pay. Nor did they make any effort to pay, in whole or in part, or timely seek any judicial relief from their obligation to pay. That is all Defendants need to show to be entitled to an order of civil contempt.

Nix's conduct in this matter is particularly egregious given the many opportunities he was given to avoid sanctions. *See* Sanctions Order, Dkt. No. 66, *supra* at 8. While Rule 11 and the Court's inherent authority to sanction bad faith conduct are designed in large part to deter a party's or party attorney's wrongful conduct, that deterrence can only occur if the Court is authorized to sanction proscribed conduct and to enforce a sanctions order through civil (or in an appropriate case, criminal) contempt if, as here, it is wantonly disobeyed.

Plaintiffs have only themselves to blame for the fact and amount of sanctions. They could have avoided *all* sanctions by withdrawing their baseless claims against the MLB Defendants and MLBPA during the Rule 11 21-day safe harbor period. They could have reduced the amount of potential sanctions by not running up the costs of litigation through frivolous filings and untoward delays. And they could have avoided the current motion, which has required Defendants to devote even more attorney time and expense to this meritless litigation, by paying the court-ordered amount by the court-ordered deadline.

Plaintiffs chose instead to pursue their ongoing "vendetta" and campaign of harassment against the league and the union. At some point, though, that choice must incur a corresponding cost.

Plaintiffs now plead poverty. But they did not pay *any* of the ordered amount, never asked to pay over time, and never gave any indication to this Court in any of their prior briefing or oral arguments that they would not "afford" the requested sanctions amount. Nor did they seek *in forma pauperis* status from the Ninth Circuit with respect to their current appeal – which will likely trigger a *further* award of sanctions, this time from the Ninth Circuit.

If Plaintiffs had a valid basis for opposing sanctions in a particular amount because of their financial condition, they had ample opportunity to inform the Court *before* sanctions were imposed – or at the very latest, before expiration of the payment deadline. *See, e.g., Hall v. Contra Costa Cty.*, 50 F.3d 14 (9th Cir. 1995) (rejecting "naked declaration of poverty" and deeming argument regarding inability to pay sanctions as frivolous, where it was not timely raised before sanctions were imposed); *see also Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, No. 16-CV-03801-DMR, 2017 WL 4390184, at *5 (N.D. Cal. Oct. 3, 2017) (court was "highly skeptical" of a party's inability to pay defense raised for the first time in the face of coercive sanctions).

Plaintiffs should be held in contempt for their failure to take *any* action, much less "all reasonable steps" to ensure their compliance with this Court's order. *In re Crystal Palace*, 817 F.2d at 1365.

### III. Defendants Are Entitled to Additional Sanctions and Their Reasonable Expenses Incurred in Bringing This Motion, Including Attorney's Fees.

With no legal justification for their failure to pay the sanctions amounts by the deadline, Plaintiffs are and continue to be in violation of the Court's Sanctions Order. *See In re Establishment Inspection*, 881 F.2d 722, 726 (9th Cir. 1989) ("[A]n order issued by a court . . . must be obeyed by the parties until it is reversed by orderly and proper proceedings") (internal quotation marks and citation omitted)); *No. 8 Mine, LLC v. Eljen Grp., LLC*, No. 3:18-CV-00104-WGC, 2020 WL 2281515, at *9 (D. Nev. May 7, 2020) (finding additional sanctions justified where party demonstrated "flagrant disregard of their obligations not only to the court, but to the other parties to this case"). The appropriate remedy is an order of civil contempt, requiring Plaintiffs to pay civil penalties of $500 per day for each day after the Court's contempt order that

Plaintiffs remain in non-compliance, plus an additional amount equal to Defendants' reasonable attorney's fees and costs incurred in bringing this motion.

Although Plaintiffs claim to have no money, they paid to file their appeal with the Ninth Circuit, they apparently are in the process of retaining new counsel for that appeal, and they continue to pursue other frivolous actions against the MLB Defendants in other jurisdictions, *see DNA Sports Performance Lab, Inc., et al v. Major League Baseball, et al,* Case No. 2019-002611-CA-01 (Fla. 11th. Cir. Ct. 2019), without providing any explanation for how they are funding that other litigation. *See U.S. Philips Corp. v. KXD Tech., Inc.*, No. 2:05-CV-08953-ER-PLAx, 2007 WL 4984153, at *3 (C.D. Cal. July 27, 2007) (evidence of a party's misconduct elsewhere, including its ongoing failure to pay sanctions imposed by another jurisdiction, "has helped the Court to exercise its discretion to impose [a] sanction").

"Civil contempt sanctions . . . are employed for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)); *see also Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140 (DWL), 2019 WL 3578665, at *2 (D. Ariz. Aug. 6, 2019) (noting that daily fines are also occasionally imposed as a compensatory tool in civil contempt proceedings). Both purposes would be furthered by the requested contempt order here, and $500 per day for each day Defendants' contemptuous behavior continues is reasonable and appropriate penalty. *See, e.g.*, *United States v. Ayres,* 166 F.3d 991, 995 (9th Cir. 1999) ("One of the paradigmatic civil contempt sanctions is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" (internal quotation marks and citation omitted) (noting district court's assessment of $500 for each day of non-compliance)). "A daily fine of $500.00 is well within the range of coercive per diem fines issued by courts in this district for civil contempt." *Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, 2017 WL 4390184, at *7 (listing cases).

Plaintiffs should also be required to pay the MLB Defendants and MLBPA for those parties' reasonable attorney's fees and costs incurred in bringing this motion. *See Bademyan v.*

*Receivable Mgmt. Servs. Corp.*, No. Cv 0800519 (MMM), 2009 WL 605789, at *4 (C.D. Cal. Mar. 9, 2009) ("'courts in civil contempt proceedings must award attorney's fees when such fees have actually been incurred by the prevailing party and are otherwise allowable'") (*quoting Donovan v. Burlington Northern, Inc*., 781 F.2d 680, 682 (9th Cir. 1986)); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (affirming award of attorney's fees in civil contempt proceedings and noting that "[a]ttorneys' fees frequently must be expended to bring a violation of an order to the court's attention"); *Craters & Freighters v. Daisychain Enterprises,* No. C 09–04531 (CW), 2014 WL 2153924, at *2 (N.D. Cal. May 22, 2014) (ordering party to pay attorney's fees and costs expended in bringing motions for order to show cause for contempt); *ViaView, Inc. v. Chanson*, No. 2:12-CV-01657, 2013 WL 1405353, at *2 (D. Nev. Apr. 4, 2013) (noting the court's award of reasonable costs and attorney's fees incurred in preparing motion for order to show cause).

Defendants request their attorney's fees and costs incurred in bringing this motion, which to date total $22,634.70 for the MLB Defendants and $13,520 for MLBPA. *See* Ng Decl. Ex. C, Rubin Decl. at ¶ 22.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court issue an Order to Show Cause why Plaintiffs should not be held in contempt of Court for failing to comply with this Court's October 27, 2020 Order, and ordering Plaintiffs to pay to the Court additional sanctions of $500 per day for each day following entry of a contempt order that Plaintiffs fail to pay the sanctions award in full, and also to award Defendants their reasonable expenses, including attorney's fees, incurred in bringing this motion.

DATED: December 7, 2020

KOBRE & KIM

By: /s/ *Michael Ng*

Michael Ng (State Bar No. 237915)
Michael.Ng@kobrekim.com
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: 415-582-4800
Facsimile: 415-582-4811

Adriana Riviere-Badell
(*appearance pro hac vice*)
Adriana.Riviere-Badell@kobrekim.com
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

*Attorneys for Defendants Major League Baseball; Major League Baseball Enterprises; and MLB Advanced Media, L.P.*

ALTSHULER BERZON LLP

By: /s/ *Michael Rubin*

Michael Rubin (SBN 80618)
mrubin@altshulerberzon.com
Hunter B. Thomson (SBN 330533)
hthomson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Jeffrey D. Perconte (*pro hac vice to be filed*)
Major League Baseball Players Association
jperconte@mlbpa.org
12 East 49th Street
New York, NY 10017
Telephone: (212) 584-6516
Facsimile: (212) 584-6616

*Attorneys for Defendant Major League Baseball Players Association*