UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA SPORTS PERFORMANCE LAB, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MAJOR LEAGUE BASEBALL, et al.,<br><br>    Defendants. | No. C 20-00546 WHA<br><br>**PRE-FILING ORDER RE VEXATIOUS LITIGANT NEIMAN NIX AND ORDER FOR ACCOUNTING** |

**INTRODUCTION**

Defendants move for an order declaring plaintiff a vexatious litigant and imposing a pre-filing order for future lawsuits in this district, as well as an accounting of plaintiff's funds since June 24, 2021. To the extent stated below, the motion is **GRANTED**.

**STATEMENT**

Previous orders herein described our action (Dkt. No. 66). In brief, in 2012 plaintiff Neiman Nix formed the company DNA Sports Performance Lab, Inc., to sell health supplements extracted from the shed tissue of elk antlers, which contain a "naturally occurring, bio-identical form of IGF-1," a performance-enhancing substance (Compl. ¶¶ 3–4, 16, 18, 25).

Defendants Major League Baseball and the Major League Baseball Players Association have banned natural and synthetic IGF-1 under their Joint Drug Prevention and Treatment

Program. In 2013, the league launched an investigation into the illegal sale of performance-enhancing drugs to players. Investigators targeted "anti-aging" clinics in Florida, including DNA Sports. Mr. Nix contends that this investigation resorted to "strong-arm tactics that created the impression of guilt," destroyed DNA Sports' business, and provoked his ensuing lawsuits (*id.* ¶¶ 19–20, 29; Dkt. No. 53). For the past ten years, Nix (individually and through DNA Sports) has sued *seriatum* the league, its affiliates, and others with some tangential connection to baseball, such as ESPN and Gatorade, in both state and federal court.

DNA Sports and Nix (in his individual capacity) sued the league and union in our district on January 23, 2020, broadly alleging false advertising and unfair competition. On May 27, 2020, defendants moved to dismiss and for Rule 11 sanctions against plaintiffs and their attorneys for filing a frivolous complaint (Dkt. No. 19). An August 2020 order granted the motion to dismiss but gave plaintiffs the opportunity to amend prior to any award of sanctions. As the order noted: "Plaintiffs are not required to amend, and their better course might be to walk away" (Dkt. No. 53 at 10). Three days later, plaintiffs filed a notice of voluntary dismissal with prejudice (Dkt. No. 54).

Defendants then filed a supplemental motion for sanctions against plaintiffs and their attorneys. An October 2020 order largely granted that motion. It found the complaint baseless, with "glaring holes" in the allegations that supported an inference of an improper motive in bringing the action in the first place (Dkt. No. 66 at 10–11). It also found the attorneys that represented Nix and DNA Sports had failed to reasonably investigate the claims. Further, the order concluded that "DNA Sports filed its compliant to harass the league and the union" (*id.* at 12). The order required Mr. Nix and DNA Sports to pay attorney's fees incurred by defendants but held in abeyance the motion as to liability for plaintiffs' attorneys.

Plaintiffs appealed that decision. Approximately one month later, however, plaintiffs' attorneys moved to withdraw. Defendants responded with a motion for an order to show cause why plaintiffs should not be held in contempt for a failure to pay their sanctions (Dkt. Nos. 67, 69, 70).

2

A February 2021 order found plaintiffs in civil contempt and held plaintiffs' attorneys jointly liable for sanctions imposed by the October 2020 order. The order explained that Nix funneled the lion's share of his settlement payments from the litigation he had initiated — as well as funds from the liquidation of DNA Sports' assets — right back to his attorneys rather than pay his court-mandated fines. Those attorneys then continued Mr. Nix's legal vendetta against the league. The order also required Mr. Nix to specify "any non-pecuniary sanctions which will actually and effectively prevent future harassing litigation." The February 2021 order further held in abeyance the pending motion to withdraw filed by plaintiffs' attorneys pending the appearance of new counsel for plaintiffs in the action (Dkt. No. 93).

Both Mr. Nix and his attorneys filed responsive documents. *First*, Mr. Nix's ensuing declaration largely rehashed the baseless complaints he had previously asserted. He concluded "I am at [sic] the belief that no former or future sanctions should be imposed on me or my attorney whatsoever" (Dkt. No. 98). *Second*, plaintiffs' counsel provided additional information for the Court's review *in camera* regarding their motion to withdraw.

Both of these declarations were considered at the June 10 case management conference. Plaintiffs' counsel were permitted to withdraw but Attorney Reich was ordered to pay $1,000 a month in sanctions. If counsel dutifully made those payments for a year, the sanction against him might conceivably be vacated. As to non-pecuniary sanctions for Mr. Nix, defendants stated their aim that Mr. Nix be declared a vexatious litigant. Mr. Nix was allowed to respond in the hearing at that time, but he simply repeated the same arguments regarding IGF-1 he made in the complaint. The parties were instructed that a vexatious litigant order would be given some thought (June 10 Hrg. Tr., Dkt. No. 120).

Now, defendants formally move to declare Mr. Nix a vexatious litigant. This order follows full briefing and oral argument, held telephonically.

**ANALYSIS**

When a litigant's filings are numerous and frivolous, districts courts have the inherent power under 28 U.S.C. Section 1651(a) to declare the litigant vexatious and enter a pre-filing order requiring that future complaints be subject to an initial review before they are filed. *See*

3

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Our court of appeals has cautioned that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Ibid.* The litigant's claims must prove both numerous and patently meritless. *See id.* at 1059.

A pre-filing order becomes appropriate when "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To impose a pre-filing order, our court of appeals requires: (1) notice to the litigant; (2) an adequate record for review; (3) substantive findings of frivolousness; and (4) narrowly-crafted orders. *See id.* at 1147–48; *see also Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014). This order reviews each element in turn.

*First*, Mr. Nix has received ample notice and an opportunity to be heard both for the instant motion and in previous hearings and declarations. Prior to this motion, he submitted a declaration regarding what non-pecuniary sanctions could prevent further harassment of the league and union (Dkt. No. 98). Further, he was explicitly put on notice of defendants' intention to seek an order declaring him a vexatious litigant at the case management conference held on June 10, 2021. At that time, he received an opportunity to be heard and respond, but he instead merely restated his IGF-1 contentions (June 10 Hrg. Tr. 19–22). An order declaring him a vexatious litigant could have been entered then given the previous order finding him in civil contempt, but prudence favored waiting for a formal motion and giving him a further opportunity to object.

Defendants have now filed a formal motion, which Mr. Nix contests with a written opposition and with oral argument at the hearing. Again, he does not meaningfully address the issue at hand, quickly segueing back to his IGF-1 allegations. Mr. Nix does briefly argue that the inherent powers under Section 1651(a) "do[] not at all apply to the recently filed action [in Texas because]. . . . the parties such as the 30 MLB clubs or the MLB commissioner were not named parties in the CAND action like they are in the TX action" (Opp. 5). The shuffling of parties in Mr. Nix's various lawsuits does not save him. His baseless lawsuits against the

4

league, union, and other entities all concern the same core operative facts. As he acknowledges: "At the heart of each of my related lawsuits in respect to IGF-1 . . . I have been trying to clear my name and restore my reputation. I opted to rely on the United States Court system to seek relief/justice and hold Major League Baseball entities accountable for their actions in their attempt to label me as a seller of banned substances" (Opp. 2–3). The October 2020 order herein reviewed this same issue and reached the same conclusion (Dkt. No. 66 at 12)

*Second*, this order and previous orders herein have created a substantial record of Mr. Nix's continued abusive litigation activities both in this litigation and in other courts throughout the country. The October 2020 order provided a thorough description of Mr. Nix's litigation *modus operandi*: "DNA Sports' string of suits against the league and others is characterized by a dismissal followed by a new suit in a different venue with a slightly new cause of action challenging the ban" (Dkt. No. 66 at 2). Described in depth in the October 2020 order, this order will briefly list Mr. Nix's lawsuits (excluding this one):

- *Nix, et al. v. Major League Baseball, et al.*, No. 14-004294-CA-01 (Fla 11th Cir. Ct. filed Feb. 18, 2014) (dismissed for failure to perfect service on November 6, 2014; plaintiffs filed a notice of appeal but voluntarily dismissed the appeal, recognized April 27, 2015).
- *Nix, et al. v. Major League Baseball, et al.*, No. 16-cv-05604 (S.D.N.Y. filed July 14, 2016) (voluntarily dismissed by plaintiffs on November 3, 2016, Dkt. No. 13).
- *Nix, et al. v. Major League Baseball, et al.*, No. 17-cv-01241 (S.D.N.Y. filed Feb. 17, 2017) (plaintiffs' federal Computer Fraud and Abuse Act claim dismissed with prejudice, 2017 WL 2889503; remaining case remanded back to New York State Supreme Court on July 6, 2017).
- *Nix, et al. v. Major League Baseball, et al.*, No. 159953/2016 (BJ) (N.Y. Sup. Ct. filed Nov. 28, 2016) (after remand, plaintiffs' claims dismissed on June 7, 2018, 2018 WL 2739433; plaintiffs' motion for re-argument denied and sanctions imposed on December 31, 2018; orders dismissing complaint and issuing sanctions

affirmed on appeal by the New York Supreme Court, First Department, Appellate Division, No. 2018-5397, on December 15, 2020; motion for re-argument or in the alternative for leave to appeal to the New York Court of Appeals denied on March 11, 2021).

- *Nix v. Luhnow, et al.*, No. 50-2018-CA-003920 (Fla. 15th Cir. Ct. filed April 2, 2018) (plaintiff voluntarily dismissed the IGF-1 related claims (and others) as to MLB, most MLB Clubs and Kobre & Kim defendants on December 7, 2018; currently pending based on unrelated allegations against two MLB Clubs and certain of their employees; Nix's counsel moved to withdraw on April 8, 2022).

- *Nix, et al. v. ESPN, Inc., et al.*, No. 18-cv-22208 (S.D. Fla. Filed June 4, 2018) (plaintiffs' claims against media defendants dismissed on August 30, 2018; dismissal affirmed on May 15, 2019, 772 Fed. App'x 807 (11th Cir. 2019)).

- *Nix, et al. v. Major League Baseball, et al.*, No. 2019-002611-CA-01 (Fla. 11th Cir. Ct. filed Jan. 25, 2019) (motion for judgment on the pleadings granted on February 23, 2021; motion for reconsideration denied March 16, 2021; appeal pending in the Third District Court of Appeals of Florida, No. 3D21-928, with briefing completed on January 18, 2022).

- *Nix v. Major League Baseball et al.*, No. 4:21-cv-04180 (S.D. Tex. Filed Dec. 27, 2021) (currently pending; A minute order dated April 8, 2022, stayed all pending deadlines until defendants' motions to dismiss are resolved because defendants "have encountered prior litigation raising similar issues filed by Mr. Nix," Dkt. No. 50).

This extensive litigation history certainly qualifies as abusive and misuse of the judicial system. Notably, Mr. Nix initiated his latest *pro se* lawsuit against the league, the union, and others in the Southern District of Texas *after* the August and October 2020 orders herein dismissing his claims and imposing sanctions (Dkt. No 53, 66). This record supports a pre-filing order.

6

*Third*, previous orders herein have made substantive findings that Mr. Nix's frivolous lawsuits have served primarily to harass the league and union (*see ibid.*). The October 2020 order concluded: "Considering this prior misconduct, dismissal alone will not deter DNA Sports from filing further baseless and harassing suits" (Dkt. No. 66 at 12).

Mr. Nix cites an order from one of his actions in the District Court for the Southern District of New York to support his argument that his claims have evolved, which he states counsels against the imposition of a pre-filing order (Opp 5–6). In that opinion, Judge Richard J. Sullivan declined to issue an injunction on a Florida state court proceeding. Notably, however, the opinion recognized "Defendants' frustration with Plaintiffs' vexatious litigation." *Nix v. MLB*, No. C 17-01241, Dkt. No. 33 (S.D.N.Y. Nov. 4, 2020). So, another district court has already labelled Mr. Nix's lawsuits vexatious.

*Fourth*, the pre-filing order requested by defendants is narrowly tailored. Notably, defendants request a pre-filing order that Mr. Nix seek and obtain leave before filing any further lawsuits related to IGF-1 — and require a declaration from counsel should he be represented — in this district only. To be clear, limiting this pre-filing order to cases in this district court in no way should be construed as suggesting that other district courts should or should not do likewise. In sum, this order finds a pre-filing order warranted.

In addition, defendants also seek a further accounting from Mr. Nix of all funds he has obtained from any sources since June 24, 2021, his last disclosure of his finances, because he has still not made any effort to pay any portion of the $137,446.25 he owes in sanctions. Given that Mr. Nix has continued to pay the fees to file lawsuits against defendants, this request is also **GRANTED**.

## CONCLUSION

To the foregoing extent, defendants' motion is **GRANTED**. By **APRIL 28 AT NOON**, Mr. Nix shall submit an accounting under oath to defense counsel of all funds he has obtained from any sources since June 24, 2021.

This order **DECLARES** Neiman Nix a vexatious litigant and imposes the following pre-filing order. It is hereby ordered that plaintiff may not file, nor the Clerk accept for filing, any

7

further lawsuits relating to IGF-1 in the United States District Court for the Northern District of California without obtaining prior leave from the Court. Should Mr. Nix retain counsel for any lawsuit relating to IGF-1, counsel must file a declaration under penalty of perjury that they have undertaken a sufficient investigation of the matter and why they believe the lawsuit they intend to file is meritorious. The Clerk shall forward any complaints submitted by plaintiff to the undersigned judge for pre-filing review.

**IT IS SO ORDERED.**

Dated: April 12, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE