UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DNA SPORTS PERFORMANCE LAB, INC., et al.,

    Plaintiffs,

v.

MAJOR LEAGUE BASEBALL, et al.,

    Defendants.

No. C 20-00546 WHA

**ORDER RE REQUEST FOR ACCOUNTING AND TO SHOW CAUSE**

    Defendants — Major League Baseball, the Major League Baseball Players Association, and related entities — move for plaintiff Neiman Nix to provide a further sworn accounting of all funds obtained from any source since June 2021, and an order to show cause why Mr. Nix should not pay a fixed monthly amount towards satisfaction of his monetary sanction.

    The substantive facts underlying this dispute need not be repeated. Relevant here, an October 2021 sanctioned Mr. Nix and awarded attorney's fees to the league and union totaling $137,446.25 (Dkt. No. 66). Mr. Nix did not pay the sanctions, so a February 2021 order held him in civil contempt and found his attorneys jointly liable for the fine (Dkt. No. 93). Later, the league and union moved to declare Mr. Nix a vexatious litigant, which an April 2022 order granted. That order also required Mr. Nix to submit an accounting under oath to defense counsel of all funds he had obtained from any sources since June 24, 2021 (Dkt. No. 133). Nix nominally complied with this request (Dkt. No. 136-1).

Mr. Nix has apparently remained able to fund his litigation against the league and its affiliates in different fora, so the league and union here request a further accounting from Mr. Nix in order to determine whether he has recently received funds that he could have used to pay down the outstanding sanctions award.

Mr. Nix does not meaningfully address the requested relief here. He continues his habit of reasserting his arguments on the merits. The time for those argument has passed. His other contentions are also inapposite. *First*, he says that this motion is premature in light of the outstanding appeal of the October 2021 sanctions order. However, no stay of the sanction order has been instituted, so the district court still has jurisdiction to consider the instant motion. *See, e.g.*, *Maness v. Meyers*, 419 U.S. 449, 458–60 (1975). *Second*, Mr. Nix argues the league and union improperly filed his confidential information on the public docket when they attached his previous accounting as an exhibit. This concern is irrelevant to consideration of the instant motion. If Mr. Nix desires to have this information sealed and confidential, he may file a motion to seal. To be clear, this order makes no statement whether such a motion would be granted (or not). *Third*, Mr. Nix claims that he was not properly served with the motion or notified by the defendants that the motion was filed. The league and union, however, have provided evidence of proper service by mail and notification by email (Dkt. Nos. 138-1–2). Mr. Nix also filed an opposition and appeared at the telephonic hearing, so he has had an adequate opportunity to be heard on this issue.

Turning to the matter at hand, this order recognizes Mr. Nix provided an "accounting" in supposed compliance with the April 2022 order. The league and union are correct, however, that the statement provided little detail. Further, his payment of various costs to continue other lawsuits against the league and union undermines the conclusion he is unable to pay his sanctions in this lawsuit.

Given the underlying circumstances, this order rules as follows: Nix must provide the league and union a sworn statement (*i.e.*, under oath), that itemizes in detail any and all funds obtained from any and all sources since June 24, 2021. This must be done by **AUGUST 22**. The league and union shall update the Court as to whether Mr. Nix meets this deadline and

2

provide a copy of any documents (lodged conditionally under seal to permit Mr. Nix to follow our local rules and file a declaration explaining why the information should not be filed on the public docket). If Mr. Nix provides an accounting, depending on the nature of Mr. Nix's finances, the Court will consider an appropriate monthly payment. To be clear, this order reiterates to Mr. Nix that the monetary sanction issued against him remains in effect.

Meanwhile, this Court recommends that all other litigation by plaintiff against defendants herein be stayed until such time as plaintiff pays what he owes (save and except for any defense motion to dismiss or defense motion to declare him a vexatious litigant). Defendants will have to make a proper motion in those courts to effectuate any such relief and to provide a copy of this order to such courts.

**IT IS SO ORDERED.**

Dated: July 25, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3