**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEIMAN NIX, an individual, | No. 20-17283 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00546-WHA |
| v. | |
| MAJOR LEAGUE BASEBALL; MLB ADVANCED MEDIA, LP; MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION; MAJOR LEAGUE BASEBALL ENTERPRISES, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted September 14, 2022[**]

Before:    O'SCANNLAIN, RAWLINSON, and OWENS, Circuit Judges.

Neiman Nix appeals pro se from the district court's order granting defendants' motion for attorney's fees. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291.  We review for an abuse of discretion the district court's imposition of sanctions under the court's inherent power.  *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001).  We affirm.

The district court did not abuse its discretion by awarding attorney's fees to defendants as a sanction because the record demonstrates evidence of bad faith on behalf of Nix.  *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (holding a district court has the inherent authority to impose sanctions when a party has filed an action in bad faith).

**AFFIRMED.**