UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA SPORTS PERFORMANCE LAB, INC., a Florida corporation, and NEIMAN NIX, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>MAJOR LEAGUE BASEBALL, et al.,<br><br>    Defendants. | No. C 20-00546 WHA<br><br>**ORDER DENYING RELIEF** |

    Almost five years ago in this trademark and unfair competition action, an order set out why plaintiffs' action was frivolous on all fronts (Dkt. No. 53 at 10). Plaintiffs walked away the next day, voluntarily dismissing with prejudice (Dkt. No. 54). Further orders over the next two years nonetheless addressed sealing, sanctions, and future prefiling requirements for plaintiff Neiman Nix (*e.g.*, Dkt. Nos. 66, 93, 133). Thus, the last of these cited orders issued nearly three years ago.

    Now, plaintiff Nix is back at it, and seeks relief under Rule 60 from the above-cited orders (Dkt. No. 159) — but not, oddly, from Nix's own voluntary dismissal with prejudice (*id.* (not citing Dkt. No. 54)). The gravamen of Nix's motion is his allegation that information provided in a recent question-and-answer session following a film screening lends new support to plaintiffs' contentions in the case, and puts the blush on defendants' representations to the

Court (*see id.* at 11–12). In the "alternative," pro se Nix seeks relief in the form of expedited discovery (*id.* at 1), but the motion does not make clear what purpose this discovery would serve if relief from the above orders is denied. For their part, defendants move to strike Nix's new filing altogether (Dkt. No. 160). They chiefly argue that the prefiling order does not allow Nix to enter this filing, which they construe as a fresh complaint. Alternatively, they seek an expanded briefing schedule to respond to Nix's motion (*ibid.*). Nix opposes defendants' motion to strike in turn, primarily arguing that they did not serve the motion upon him (Dkt. No. 162). Nix does not explain why defendants' motion was not, however, a document "served by ECF" and thus excused from the service provisions Nix cites.

This dispute is readily resolved on the papers and without a hearing. Civil L.R. 7-1(b).

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" reasons including, under (b)(2), "newly discovered evidence" or, under (b)(3), "fraud." These are the reasons Nix asserts for seeking relief (*supra*). But a "motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 53(c)(1). Here, Nix seeks relief from orders more than two years after entry — and from some orders more than four years after (*supra*). Too late. Nix's motion (Dkt. No. 159) is **DENIED.** The hearing on the motion is **VACATED.**

This order thus does not need to decide any basis defendants propose for rejecting Nix's motion out of hand. Defendants' motion (Dkt. No. 160) is **DENIED AS MOOT.**

Nix's voluntary dismissal with prejudice of the action stands, as do all other orders in the case — including the prefiling order imposed on Nix's future complaints.

**IT IS SO ORDERED.**

Dated: March 6, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE